T.C. Memo. 2003-182


UNITED STATES TAX COURT


RALEIGH L. AND ANGELA M. J. WOMACK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12496-00.              Filed June 24, 2003.


Raleigh L. Womack and Angela M. J. Womack, pro sese.

Dustin Starbuck, for respondent.


MEMORANDUM OPINION


CARLUZZO, Special Trial Judge:  Respondent determined a deficiency of $805 in petitioners' 1998 Federal income tax. The issue for decision is whether petitioners are entitled to a dependency exemption deduction for Nikki Womack.  The resolution of the issue depends upon whether Raleigh L. Womack (petitioner)

is treated as Nikki Womack's "custodial parent", within the meaning of section 152(e),[1] for the year in issue.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in South Boston, Virginia.

Petitioner married Linda Caddle on August 21, 1982. They have a daughter, Nikki Womack, born February 2, 1984 (petitioner's daughter). Petitioner and Ms. Caddle separated in 1994 and were divorced in 1995. The divorce decree provides that custody of petitioner's daughter would be established by subsequent order, but no custody order was ever issued.

From the time petitioner and Ms. Caddle divorced until at least June 1998, petitioner's daughter lived with him during the week and lived with Ms. Caddle on weekends. This arrangement resulted, at least to some extent, from the respective work schedules of petitioner and Ms. Caddle. At the time, petitioner worked during the day, and Ms. Caddle worked afternoons and evenings. Around February 2000, Ms. Caddle changed work schedules and began working during the day.

In June 1998, petitioner and his daughter, who was in the eighth grade at the time, had a disagreement over the extent of

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for 1998.

her liberties. As a result, petitioner's daughter moved from petitioner's house, but she returned to live there shortly thereafter.

On his timely filed 1998 Federal income tax return, petitioner claimed a dependency exemption deduction for his daughter. Respondent disallowed that deduction because, according to the notice of deficiency, petitioner "did not establish" that he is "entitled to the exemption".

Discussion

In general, a taxpayer is entitled to a dependency exemption deduction for each of the taxpayer's dependents. Sec. 151(c). The term "dependent" includes a child of the taxpayer, over half of whose support for the year is received, or treated as received, from the taxpayer. Sec. 152(a). Because petitioner's daughter is the child of divorced parents, her support is determined pursuant to section 152(e). That section provides, subject to certain conditions not in dispute and exceptions not applicable here, that the child is treated as having received over half of his or her support from the parent who has custody of the child for a greater portion of the year. That parent is referred to as the custodial parent. Because the child is treated as having received over half of his or her support from the custodial parent, the custodial parent is generally entitled to a dependency exemption deduction for the child.

For purposes of section 152(e), custody is determined by the terms of the most recent custody decree, or, if none, by the terms of a written separation agreement, in effect at the relevant time.  Sec. 1.152-4(b), Income Tax Regs.  In this case there is neither a custody decree nor a written separation agreement that establishes custody of petitioner's daughter for purposes of section 152(e).  The parties agree that for purposes of that section, the parent who had physical custody of petitioner's daughter for a greater portion of 1998 is treated as her custodial parent for that year.  See id.  However, the parties disagree over the year that petitioner's daughter moved from petitioner's house to her mother's house.  According to petitioners, that event occurred in 2000; according to respondent, that event occurred in June 1998.

Both petitioners testified credibly that, except for weekends and the incident that occurred in June of that year, petitioner's daughter lived with petitioner during the entire 1998 year.  Both described the living arrangements of petitioner's daughter that followed petitioner's divorce from Ms. Caddle, and each referred to specific school events involving petitioner's daughter (e.g., the school year that she was on the track team, the school year that she participated in JROTC, etc.) that allowed them to determine a time frame with confidence. Furthermore, petitioner explained that his daughter moved in with

Ms. Caddle during the year that Ms. Caddle's work schedule changed.

Ms. Caddle testified and confirmed that her work schedule changed in 2000. According to Ms. Caddle, however, her daughter moved in with her before then. Ms. Caddle determined the time frame based upon the completion of her new house, which she moved into prior to 2000.

Petitioner's daughter also testified. She admitted that she was unsure of the year that she moved in with her mother, but recalled that it was during the year that her mother switched from working afternoons and evenings to working days.

After careful consideration of all of the evidence in this case, including the handwritten note authored by petitioner's daughter, we are satisfied that petitioners' version of the events is correct. That being the case, we find that for purposes of section 152(e), petitioner is treated as the custodial parent of his daughter for 1998. It follows that he is entitled to a dependency exemption deduction for her for that year, and respondent's determination to the contrary must be rejected.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioners</u>.